UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

R.C. and M.B., on behalf of their minor child, N.C.,                    **ANSWER TO**
                                                                       **COUNTERCLAIM**

                         Plaintiffs,

-against-                                                               07 CIV 2806
                                                                       (MDF)

BOARD OF EDUCATION OF THE HYDE PARK
CENTRAL SCHOOL DISTRICT,                                                 ECF Case

                         Defendant.

-----------------------------------------------------------------X

      Plaintiffs, R.C. and M.B., on behalf of their minor child, N.C., by their attorney, Linda A.

Geraci, states and alleges the following as and for its Answer to Defendant's Counterclaim:

      1.    Deny the allegations contained in paragraphs "42", "43", and "44" of the Answer

and Counterclaim.

      2.    Deny the allegations contained in paragraph "45" of the Answer and Counterclaim,

except admit that N.C. made the honor role at Haviland Middle School.  Affirmatively allege

that  N.C.'s grades are not evidence of progress or of the appropriateness of the District's IEPs

because: (a) N.C.'s grades were based on a modified curriculum; (b) N.C.'s mother herself

completed large portions of  homework assignments that factored into the calculation of his

grades; (c)  on measures of objective standardized testing of reading and writing skills N.C.

failed to make progress, and in some areas regressed.

      3.    With regard to the allegations contained in paragraph "46" of the Answer and

Counterclaim, admit that N.C.'s performance on the Woodcock-Johnson III Achievement Tests

in reading decoding declined in 8th grade.  Deny the remainder of the paragraph.  Affirmatively

allege that during 8th grade, N.C.'s reading comprehension, as measured by the Woodcock-Johnson III Passage Comprehension subtest, regressed from the 58th percentile to the 19th percentile. Affirmatively allege that N.C.'s 8th grade resource room teacher admitted she did not address decoding and that N.C.'s reading comprehension test results show a lack of progress. Affirmatively allege that N.C.'s 8th grade Social Studies teacher admitted that the grades she gave N.C. on his report cards did not reflect his true level of ability in that class.

4.    Deny the allegations contained in paragraph "47" of the Answer and Counterclaim.

5.    Deny the allegations contained in paragraph "48" of the Answer and Counterclaim, except admit that N.C.'s 2005-2006 IEP required copy of class notes, clarifying directions, checking for understanding, and triple time for tests.

6.    Deny the allegations contained in paragraphs "49", "50", and "51" of the Answer and Counterclaim.

WHEREFORE, Plaintiffs respectfully request that this Court:

1.    Reverse the Decision of the State Review Officer to the extent that it found Plaintiffs ineligible for the remedies of tuition reimbursement for the 2005-2006 school year and additional compensatory services for the 2004-2005 school year;

2.    Affirm the State Review Officer's finding that the District failed to provide N.C. a free, appropriate, public education during the 2005-2006 school year;

3.    Declare that the Kildonan School provided an appropriate education for N.C. during the 2005-2006 school year;

4.    Declare that equitable considerations favor an award of tuition reimbursement to the parents;

2

5.  Direct the District to reimburse the parents for tuition and all other expenses paid to the Kildonan School for the 2005-2006 school year;

6.  Declare that the District failed to provide N.C. a free, appropriate, public education during the 2004-2005 school year;

7.  Direct the District to provide additional compensatory individual reading and writing instruction to N.C., provided by a teacher appropriately qualified to implement the Orton-Gillingham approach, in an amount sufficient to remedy the District's denial of FAPE during the 2004-2005 school year.

Dated: May 22, 2007

S/   Linda A. Geraci

Linda A. Geraci, Esq. (LAG 0687)
Attorney for Plaintiffs
21 Old Main Street, Suite 203
Fishkill, NY 12524
(845) 896-1106

3