UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
R.C. and M.B., on behalf of their minor child, N.C.,

                              Plaintiffs,

-against-

BOARD OF EDUCATION OF THE HYDE PARK
CENTRAL SCHOOL DISTRICT,

                              Defendant.
----------------------------------------------------------------X

**AFFIDAVIT OF MERRY BUCKHOUT IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

07 CIV 2806 (MDF)

ECF Case

STATE OF NEW YORK  )
                           )SS.:
COUNTY OF DUTCHESS  )

MERRY BUCKHOUT, being duly sworn, deposes and says:

1. I am the mother of N.C., a child classified as multiply disabled by the Hyde Park Central School District ("District"). My husband and I reside at 257 South Quaker Lane, Hyde Park, New York. We filed this action seeking reimbursement of tuition we paid to enroll our son, N.C., in the Kildonan School during the 2005-2006 school year, as well as compensatory services for the District's failure to provide our son a free, appropriate, public education during the 2004-2005 school year. I am fully familiar with all of the facts and circumstances surrounding the Complaint in this matter. I make this Affidavit in opposition to the Defendant's Motion for Summary Judgment and in further support of Plaintiff's Motion for Summary Judgment.

1

2. Our request for tuition reimbursement in this matter concerns N.C.'s attendance at the Kildonan School during the 2005-2006 school year. However, N.C. continued to attend Kildonan during the 2006-2007 school year. We have not yet made a claim for reimbursement for the tuition paid during 2006-2007 pending the outcome of this proceeding.

3. While at Kildonan during 2006-2007 N.C. was provided substantially the same program as he received during the 2005-2006 school year. He attended small classes for Geometry, World Literature, Global Studies II, and Biology taught by Orton-Gilligham trained teachers, as well as a daily 1:1 period of Orton-Gillingham instruction focusing on phonics, decoding strategies, sight word recall, reading fluency, reading comprehension, spelling and expository writing. Progress reports dated October 16, 2006, November 20, 2006, December 18, 2006, January 22, 2007 and February 27, 2007 are attached as Exhibit A to this Affidavit..

4. N.C.'s progress reports repeatedly refer to his volunteering to read in class and participating actively in class discussions.

5. On April 30, 2007, the District performed a speech/language evaluation of N.C. in preparation for his annual review for the 2007-2008 school year. The evaluation, conducted by Linda Wojszynski, M.S.Ed., CCC-SLP, is attached as Exhibit B to this Affidavit.

6. I never received this evaluation from the District. I received a copy of it on July 27, 2007 from St. Francis Center for Communication Disorders when, as requested by the District, I took N.C. there for an auditory processing evaluation on that date. I faxed the evaluation to my attorney on July 27, 2007. The evaluation contains two handwritten marks and notations which were on the document when I received it.

7. The evaluator administered the Clinical Evaluation of Language Fundamentals-3

2

(CELF-3). N.C. achieved standard scores in the average range for both receptive (92) and expressive (96) language. N.C. scored below the average range on only 1 of 8 subtests administered.

8. Similarly, on the Peabody Picture Vocabulary Test, N.C.'s score of 108 was at the 70th percentile, at the high end of the average range. While he scored an 88 (21st percentile) on the Expressive Vocabulary Test, a score in the low average range, the examiner noted that this was the last test given and his performance appeared to be affected by fatigue. The examiner further commented that N.C.'s pattern of scores on both these tests indicated that he "has learned strategies to compensate for his weakness in word retrieval".

9. Based on N.C.'s average performance on these speech/language tasks, Ms. Wojszynski did not recommend N.C. for speech/language therapy.

10. This is the first time since N.C. was originally classified as a special education student in 2000 that the District's speech/language evaluator believes that he does not require speech/language therapy.

11. This evaluation provides further evidence that Kildonan School has provided an appropriate education for our son, including addressing his mixed receptive/expressive speech disorder. Although Kildonan does not employ speech therapists, the school's intensive focus on remediating N.C.'s language based learning disability, including explicit work on the speech/language goals on the District's 2005-2006 IEP, has allowed N.C. to make dramatic progress in speech/language, to the extent that therapy is no longer indicated.

12. This evaluation, together with the evidence in the administrative record, demonstrates that the Kildonan school addressed all of N.C.'s needs and was appropriate for him

3

during the 2005-2006 school year.

SUZANN E. KETTLER
Notary Public, State of New York
No. 01KE6006664
Qualified in Dutchess County
Commission Expires May 4, 2010

_____
Merry Buckhout

Sworn to before me this 6th
day of August, 2007.

_____
Notary Public