UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
R.C. and M.B., on behalf of their minor child, N.C.,

                Plaintiffs,

against                                       PLAINTIFF'S MEMORANDUM
                                              OF LAW IN OPPOSITION TO
                                              DEFENDANT'S CROSS-MOTION
                                              FOR SUMMARY JUDGMENT

BOARD OF EDUCATION OF THE HYDE        File No.: 07 CIV. 2806
PARK CENTRAL SCHOOL DISTRICT            WP4
                                              ECF CASE

                Defendant.
---------------------------------------------------------------X


LINDA A. GERACI, ESQ., (LAG0687)
Attorney for Petitioners
21 Old Main Street, Suite 203
Fishkill, New York 12524
(845) 896-1106

TABLE OF CONTENTS

STATEMENT OF FACTS..................................................................................................1

ARGUMENT......................................................................................................................1

I.    THE STATE REVIEW OFFICER'S DETERMINATION THAT KILDONAN WAS NOT APPROPRIATE IS NOT ENTITLED TO DEFERENCE......................................................1

II.    THE TESTIMONY OF ROBERT LANE WAS CREDIBLE AND SUFFICIENT TO SUPPORT A FINDING THAT KILDONAN WAS APPROPRIATE................................2

III..    RECENT DECISIONS FINDING THE KILDONAN SCHOOL INAPPROPRIATE ARE DISTINGUISHABLE.................................................................................................3

IV    KILDONAN HAS APPROPRIATELY ADDRESSED N.C.'S SPEECH AND LANGUAGE ISSUES TO THE EXTENT THAT HE NO LONGER REQUIRES SPEECH/LANGUAGE THERAPY........................................................................................5

CONCLUSION....................................................................................................................7

# TABLE OF AUTHORITES

**Page**

**FEDERAL COURT OF APPEALS:**

M.S. v. Yonkers, 231 F.3d 96, (2d Cir. 2000) ...............................................................................1

Town of Burlington v. Dep't of Educ., 736 F.2d 773, (1st Cir. 1984)...........................................6

Walczak v. Florida UFSD, 142 F.3d 119 (2d Cir. 1998) ..............................................................2

**FEDERAL DISTRICT COURT:**

Matrejek v. Brewster Central School District, 471 F. Supp. 2d 415 (S.D.N.Y. 2007) ......................4

**NEW YORK STATE REVIEW OFFICE DECISIONS:**

Appeal No. 00-053..........................................................................................................................3

Appeal No. 00-072..........................................................................................................................4

Appeal No. 00-074..........................................................................................................................4

Appeal No. 01-057..........................................................................................................................4

Appeal No. 01-092..........................................................................................................................4

Appeal No. 01-098..........................................................................................................................4

Application of a Child with a Disability, Appeal No. 01-098...........................................................3

Application of a Child with a Disability, Appeal No. 03-052...........................................................3

Application of a Child with a Disability, Appeal No. 04-015...........................................................3

Application of a Student with a Disability, Appeal No. 06-030........................................................4

Application of the Hastings-on-Hudson Union Free School District, Appeal No. 05-092..............3

<u>Application of the Hyde Park Central School District</u>, Appeal No. 02-052.....................................3

<u>Application of the Pawling Central School District</u>, Appeal No. 04-080.........................................3

**<u>FEDERAL STATUTES, RULES, AND REGULATIONS</u>:**

20 U.S.C. §1415(i)(2)(C)(ii)..................................................................................................6

STATEMENT OF FACTS

A full statement of facts is set forth in Plaintiffs' Memorandum of Law in Support of its Motion for Summary Judgment

ARGUMENT

I.  THE STATE REVIEW OFFICER'S DETERMINATION THAT KILDONAN WAS NOT APPROPRIATE IS NOT ENTITLED TO DEFERENCE.

The District relies on M.S. v. Yonkers Board of Education, 231 F.3d 96, 105 (2d Cir. 2001) in support of its argument that the Court should defer to the SRO's assessment of the educational progress N.C. made at Kildonan in determining whether that placement was appropriate. In M.S., the SRO analyzed objective evidence which showed that the student's reading level had not improved while at the private school, and his spelling level had actually declined, leading the SRO to conclude that the placement had not met the student's needs. The District Court, however, reversed, finding the program appropriate based on non-objective evidence, such as the father's testimony that his son was happier and enjoyed reading. Further, the District Court did not explain its reasons for discrediting the SRO's analysis of the objective evidence. For those reasons, the Second Circuit reversed, finding that the lower Court should have deferred to the SRO's assessment of the student's progress at the private school, because the Court had not cited any objective evidence as the basis for its rejection of the SRO's finding. In N.C.'s case, however, the SRO's analysis was markedly different, such that the holding of M.S. does not apply.

In N.C.'s case, the SRO made no actual assessment of the extent to which N.C. had made educational progress at Kildonan. The SRO failed to credit, or even discuss, objective evidence

showing that N.C.'s standardized test scores improved in reading and spelling at Kildonan. See, Walczak v. Florida Union Free School District, 141 F.3d 119 (2d Cir. 1998)(findings must be supported by objective evidence). He similarly ignored progress reports showing good grades, positive teacher comments, and Kildonan's tailoring of its program where necessary to meet N.'s needs. In lieu of objective evidence, the SRO's finding of inappropriateness was based on unsupported assumptions that N.C. required direct reading instruction in all content classes and was unable to learn material read aloud. Neither of these assumptions had any basis in the record, and the latter was expressly contradicted by the testimony of Dr. Lane, Ms. Beaudry and Ms. Cray. Deference to the findings of the SRO is "particularly appropriate" when the SRO's review has been "thorough and careful". Id., at 130. Because, in this case, the SRO's review of the administrative record with regard to the appropriateness of Kildonan was deficient, no deference is due.

II    THE TESTIMONY OF ROBERT LANE WAS CREDIBLE AND SUFFICIENT TO SUPPORT A FINDING THAT KILDONAN WAS APPROPRIATE

Robert Lane, Ed.D., Academic Dean at Kildonan testified extensively regarding the structure of Kildonan's program, the particular instructional methods used with N., the ways in which Kildonan addressed N.'s areas of deficit, and the progress that N. had made at Kildonan. In addition to his professional credentials, advanced degrees, and significant experience teaching learning disabled students, Dr. Lane based his testimony concerning N.'s needs and progress on the following: his personal administration of academic testing to N.C.; a complete and ongoing review of the contents of N.C.'s educational file; four classroom observations of N.C. in content classes and the language tutorial between October and April to assess his adjustment to the school

and his classroom performance; frequent discussions about N.C. with all of his teachers, including discussions about providing additional modifications and accommodations for N.; and two formal individual meetings with N.C. to discuss his progress and the implementation of additional accommodations Kildonan made available to him. (Tr. 344, 350-353)

Dr. Lane was intimately knowledgeable about the Kildonan School, as well as about N.'s needs and performance. His testimony amply demonstrates that the program Kildonan provided enabled N. to make progress. His testimony was unrebutted by any other evidence in the record. The SRO has found Kildonan appropriate based on Dr. Lane's testimony (or that of his predecessors) in many cases, notwithstanding the fact that he had not been assigned as the classroom teacher for the students involved. See, e.g., Application of a Child with a Disability, Appeal No. 01-098; Application of the Hyde Park Central School District, Appeal No. 02-052; Application of a Child with a Disability, Appeal No. 03-052; Application of a Child with a Disability, Appeal No. 04-015; Application of the Pawling Central School District, Appeal No. 04-080. See also, Application of the Hastings-on-Hudson Union Free School District, Appeal No. 05-092 (finding the Windward School appropriate despite a lack of testimony from any Windward staff).

III   RECENT DECISIONS FINDING THE KILDONAN SCHOOL INAPPROPRIATE ARE DISTINGUISHABLE

State Review Officers have repeatedly found Kildonan to be an appropriate placement for students who have an auditory processing disorder in addition to their reading disorder. See, e.g., Appeal No. 00-053 ("student has significant language processing difficulties which have inhibited development of his reading and writing skills"; he therefore required the "intensive, specialized assistance which Kildonan provided"); Appeal No. 00-072 (student had "marked deficits in

auditory processing"; Kildonan appropriate based on improved test scores in reading); Appeal No. 01-092 (student had severe expressive language delays, including articulation, and auditory processing disorder); Appeal No. 01-057 (student's auditory processing skills in the "disordered range"); Appeal No. 00-074; Appeal No. 01-098.

The recent State Review Officer decision relied on by the District is distinguishable. In <u>Application of a Student with a Disability</u>, Appeal No. 06-030, the student, in addition to severe auditory processing disorder, had significant deficits in attention and organization. His Kildonan progress reports showed failure to complete homework, poor work quality and disruptiveness in class. Kildonan was found inappropriate because it did not implement a behavior plan to address attentional issues, as recommended by a private evaluator; did not adjust its teaching to account for the student's auditory processing difficulties, relying solely on preferential seating; did not address the longstanding issues with homework and organization; and told the student to "try harder" instead of individualizing aspects of its program to meet the student's needs. In N.'s case, these issues are simply not present. The Kildonan program does not conflict with the recommendations of evaluators. Kildonan was aware of and responded to all of N.'s issues; it took steps to modify its program where necessary and N. responded positively to those changes. His progress reports reflect his motivation and consistency in completing his assigned work.

The District also relies on <u>Matrejek v. Brewster Central School District</u>, 471 F.Supp.2d 425 (S.D.N.Y. 2007) which again denied reimbursement based on a set of fact very different from N.C.'s case. In <u>Matrejek</u>, Kildonan was found inappropriate for the student largely because several private evaluators had testified that he required reading instruction in every class, which Kildonan did not provide. In addition, the program did not appear to adequately address the

student's attentional issues, and the student's progress reports were replete with multiple comments from every teacher that he had difficulty focusing in class. Despite this, the teachers did not implement any services or strategies to regain his attention and allowed him to doodle during lessons. Moreover, the students grades were deteriorating and he consistently failed to complete his homework. By contrast, N. maintained good grades throughout the year, evidenced no issues with distractibility or homework completion, and improved his ability to follow directions and take notes after these issues were addressed by Kildonan. Despite his auditory processing issues, he participated in class discussions, asked questions when necessary, and demonstrated his comprehension of the lesson by being able to respond appropriately to teacher questions. The program was consistent with the recommendations of professionals; specifically, no evaluator had ever recommended that N. required direct reading instruction the entire school day. Dr. Goetze, moreover, testified that he was aware that Kildonan's direct reading instruction occurs mainly in the one-to-one language tutorials, and believed that such a program was appropriate for N.

IV    KILDONAN HAS APPROPRIATELY ADDRESSED N.C.'S SPEECH AND LANGUAGE ISSUES TO THE EXTENT THAT HE NO LONGER REQUIRES SPEECH/LANGUAGE THERAPY.

In April 2007 the District conducted a routine speech/language evaluation of N.C. Because he scored in the average range, or very close to it, on all but one subtest in both the expressive and receptive language domains, the evaluator advised that he no longer required speech therapy. (Exhibit B to M.B. Affidavit in Opposition to Defendant's Motion) She specifically stated that N.C. has learned strategies to compensate for his language weaknesses. This report was not made available to the Plaintiffs or their attorney until July 27, 2007, when

M.B. was given a copy of it by the St. Francis Center for Communication Disorders, who had received a copy from the District because it had been engaged to conduct an auditory processing evaluation of N.C.

Pursuant to IDEA, the Court "shall hearing additional evidence at the request of a party". 20 U.S.C. §1415(i)(2)(C)(ii). Appropriate reasons for allowing supplemental evidence include: "gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing." Town of Burlington v. Dep't of Educ., 736 F.2d 773, 790 (1st Cir. 1984). The SRO's determination that Kildonan did not meet N.'s needs was based largely on Kildonan's lack of speech/language therapists, and the SRO's belief that Kildonan had not addressed N.'s speech and language needs. Therefore, an evaluation by the Defendant showing that N. no longer requires speech/language therapy, and has learned to compensate for his weaknesses in this area, after spending two years at Kildonan, is relevant to this Court's analysis. Kildonan is a language-based program for students with language-based learning disabilities. Although formal speech therapy was not provided, the structure and focus of the program addressed the four areas of need noted on N.'s 2005-2006 IEP. After a relatively short period of time in Kildonan's intensive program aimed at improving language skills, oral language, reading and writing, the District's own professional acknowledges that there is no further need for therapy. The Court should accept this additional evidence as relevant and not previously available, in further support of the appropriateness of the Kildonan School for N.C. during the 2005-2006 school year.

## CONCLUSION

For the foregoing reasons the Defendant's Motion for Summary Judgment should be denied and the Plaintiff's Motion for Summary Judgment should be granted.

Respectfully submitted,

/s/*Linda A. Geraci*

Linda A. Geraci (LAG0687)
Attorney for Plaintiffs
21 Old Main Street, Suite 203
Fishkill, NY 12524
(845) 896-1106