UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
R.C. and M.B., on behalf of their minor child, N.C.,

                Plaintiffs,

against

BOARD OF EDUCATION OF THE HYDE PARK
CENTRAL SCHOOL DISTRICT,

                Defendant.
------------------------------------------------------------X

COMPLAINT

File No.: 07 CIV. 2806
WP4
ECF CASE

    Plaintiffs, R.C. and M.B., on behalf of their minor child, N.C., by their attorney, Linda A. Geraci, Esq., for its Complaint states as follows:

    1. This action is commenced to challenge the December 22, 2005 decision of Paul Kelly, State Review Officer of the New York State Education Department ("SRO"), which upheld the determination of impartial hearing officer Mindy Wolman in denying Plaintiffs claims for tuition reimbursement for their son's placement at the Kildonan School ("Kildonan") for the 2005-2006 school year, and for additional services to compensate their son for the Defendant Hyde Park Central School District's ("District") failure to offer N.C. a free, appropriate education during the 2004-2005 school year.

    2. This Court has jurisdiction over this action and the Defendant pursuant to 20 U.S.C. §1415(i)(B)(2).

    3. Venue in the United States District Court for the Southern District of New York is proper under 28 U.S.C. §1391(b).



RECEIVED
APR 11 2007
DISTRICT CLERK

## THE PARTIES

4. Plaintiffs R.C. and M.B. are the parents of N.C., a student residing in the District who was at all times relevant to the events underlying this action a student classified as learning disabled by the District's Committee on Special Education ("CSE"). The Plaintiffs and their son reside at 257 South Quaker Lane, Hyde Park, New York.

5. Initials are used in the caption of this action and the body of this complaint to preserve the confidentiality of the infant plaintiff in conformity with the privacy provisions of the Family Educational and Privacy Rights Acts (FERPA), 20 U.S.C. § 1232(g).

6. Defendant Board of Education of the Hyde Park Central School District ("Board") is the governing body of the Hyde Park Central School District ("District") and a local educational agency as defined by the Individuals with Disabilities Education Act ("IDEA"). It is charged, through its mandatory Committee on Special Education ("CSE"), with providing a free, appropriate public education for all its students who have been identified as having a disabling condition pursuant to the IDEA, 20 U.S.C. §1400 *et. seq.* Defendant has its principal place of business at 11 Boice Road, Hyde Park, New York.

## STATEMENT OF FACTS

7. N.C. was initially classified as a student with a disability during the 1999-2000 school year, when he was in second grade. Despite the District's implementation of special education services, by the 5th grade N.C. was reading and writing two to three years below grade level.

8. In October 2002, when N.C. was in 6th grade, he was evaluated by neuropsychologist Andreas Smoller, Ph.D.

After repeated inquiry, N.C.'s parents were informed in the summer of 2005 that the District declined to offer the reading program.

22. On August 15, 2005 the parents gave timely, written notice of their intention to enroll N.C. in the Kildonan School for the 2005-2006 school year.

23. On Friday, August 26, 2005 the parents received a notice scheduling a CSE meeting for August 31, 2005. On Monday, August 29, 2005, M.B. requested that the meeting be rescheduled to allow for the participation of the attorney the parents had retained. The District denied the request and held the meeting as scheduled.

24. At the August 31, 2005 CSE meeting, the CSE added the services of a direct consultant teacher for reading in a 5:1 setting. However, this reading class did not exist then, and it did not exist when the impartial hearing was held.

25. In August 2005, Henry Goetze, Ph.D. conducted a comprehensive psychological evaluation of N.C. at the parents' request.

26. N.C. attained the following standard and percentile scores:

Weschler Individual Achievement Test-II: Word Reading: 64/1st percentile

Wide Range Achievement Test: Reading Recognition:    69

Wide Range Achievement Test: Spelling:              73/4th percentile

Peabody Individual Achievement Test: Reading Comprehension: 55/1st percentile

Peabody Individual Achievement Test: Spelling:             63/1st percentile

27. Dr. Goetze concluded that, despite years of special education in the District, N.C. had not made measurable progress and was slipping further and further behind his same aged peers.

28. Dr. Goetze recommended placement in a school with demonstrated expertise in educating severely learning disabled students, which would offer small group instruction and daily one-to-one reading instruction by educators with a strong background in phonological processing.

29. N.C. began attending Kildonan in September 2005.

30. Kildonan is a school for children of at least average intelligence who have dyslexia and other reading disabilities.

31. During the 2005-2006 school year at Kildonan N.C received daily one to one reading and writing instruction using the Orton Gillingham approach, a direct, systematic, multisensory, phonics-based reading approach. In addition, he was provided a typical 9th grade college preparatory curriculum in classes averaging 8 students, which also used multisensory teaching and other aspects of the Orton Gillingham approach.

32. During the 2005-2006 school year, N.C. made progress in a wide variety of reading, writing and language skills, including: phonemic awareness, syllabification, spelling rules, writing basic and expanded paragraphs, reading fluency and prosody, and cursive writing.

33. Kildonan administered standardized testing in October 2005 and May 2006. N.C. maintained or improved his standard scores in all areas.

34. N.C. maintained excellent grades and received two awards for academic effort.

35. On January 31, 2006, the parents requested an impartial hearing seeking reimbursement of the tuition and all related expenses of N.C.'s placement at Kildonan for the 2005-2006 school year. They also sought additional compensatory services for the District's failure to provide an appropriate education between February 2004 and June 2004, and during

the 2004-2005 school year. Finally, they sought reimbursement of Dr. Goetze's evaluation.

36. A decision was issued by the Impartial Hearing Officer Mindy Wolman on September 26, 2006 finding that the District had failed to offer N.C. an appropriate program for the 2005-2006 school year. She further found that N.C.'s placement at Kildonan was also inappropriate and denied the parents' claim for tuition reimbursement. Finally, she denied the parents' claims for additional compensatory services for the 2003-2004 and 2004-2005 school years, and for reimbursement of the Goetze evaluation.

37. The Plaintiffs timely appealed those portions of the Hearing Officer's decision which found that the parents were not entitled to reimbursement for N.C.'s placement at Kildonan on the grounds that Kildonan had not offered him an appropriate placement during the 2005-2006 school year, and that N.C. was not entitled to additional compensatory services to remedy the District's failure to provide an appropriate program during the 2004-2005 school year. The District cross-appealed the Hearing Officer's determination that it had failed to provide N.C. an appropriate program for the 2005-2006 school year.

38. On December 22, 2006, the State Review Officer issued a decision which found that the parents were not entitled to tuition reimbursement based on a finding that Kildonan was not appropriate, and that N.C. was not entitled to additional compensatory services based on a finding that the District had offered him an appropriate program during the 2004-2005 school year.

39. Plaintiffs have exhausted their administrative remedies.

<u>FIRST CAUSE OF ACTION: TUITION REIMBURSEMENT</u>

40. Plaintiffs reallege each and every allegation contained in paragraphs 1 through 39 as

if fully set forth herein.

41. Pursuant to the IDEA, 20 U.S.C. §1412(a)(10)(C) the District must reimburse Plaintiffs for the Kildonan tuition provided that: the District did not make a free, appropriate public education available to N.C. for the 2005-2006 school year; the Kildonan placement is "proper under the Act"; and equitable considerations favor tuition reimbursement.

42. The SRO correctly found that the District failed to offer N.C. a free, appropriate, public education for the 2005-2006 school year.

43. The Kildonan placement was reasonably calculated to provide N.C. an appropriate education during the 2005-2006 school year.

44. The SRO's finding that the Kildonan program is not appropriate was clearly in error, not supported by the administrative record, and based on the application of an incorrect legal standard.

45. The SRO's finding that Kildonan did not address N.C.'s auditory processing disorder is directly contradicted by the unrebutted testimony of Robert Lane, Ed.D., Academic Dean, and by the testimony of District special education teacher Mary Cray.

46. The SRO's finding that Kildonan did not address N.C.'s combined expressive-receptive language disorder is directly contradicted by the unrebutted testimony of Robert Lane, Ed.D.

47. The SRO's finding that Kildonan did not address N.C.'s need for reading instruction in content area classes, as well as his deficits in reading and understanding content of material in those classes is directly contradicted by the unrebutted testimony of Robert Lane, Ed.D., as well as the Kildonan progress reports.

48. The SRO failed to consider credible testimonial and documentary evidence of N.C.'s considerable progress at Kildonan during the 2005-2006 school year, including his grades, teacher's assessment of progress, and improvement on various measures of standardized testing.

49. Equitable considerations favor an award of tuition reimbursement to the parents.

50. Plaintiffs are entitled to tuition reimbursement for N.C.'s placement at Kildonan for the 2005-2006 school year.

### SECOND CAUSE OF ACTION: ADDITIONAL SERVICES

51. Plaintiffs reallege each and every allegation contained in paragraphs 1 through 46 above as if fully set forth herein.

52. Pursuant to the Individuals with Disabilities Education Act and the decisions of the State Review Officer, an award of additional educational services is warranted as an equitable remedy when a student has been deprived of appropriate services for a substantial period of time, the student remains eligible for special education services, and the provision of additional educational services could remedy the deprivation before the student becomes ineligible for special education due to age or graduation.

53. N.C. was denied an appropriate education during the entirety of the 2004-2005 school year. His IEP that year was not reasonably calculated to allow him to make meaningful progress, in that it failed to provide for appropriate reading instruction and failed to include goals in all areas of deficit. Over the course of the 2004-2005 school year, N.C. failed to progress in reading and writing, and in some areas, markedly regressed.

54. The SRO's finding that the District offered N.C. an appropriate education during the

2004-2005 school year is not supported by the administrative record and is clearly erroneous.

55. N.C. remains eligible for special education instruction either until he graduates or reaches the age of 21. He will remain eligible at least until the completion of the 2008-2009 school year.

56. N.C. requires additional individual reading and writing instruction using an Orton-Gillingham approach to remedy the District's failure to provide him an appropriate education during the 2004-2005 school year.

57. N.C. is entitled to receive additional educational services in compensation for the deprivation of appropriate education that occurred during the 2004-2005 school year.

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Reverse the Decision of the State Review Officer to the extent that it found Plaintiffs ineligible for the remedies of tuition reimbursement for the 2005-2006 school year and additional compensatory services for the 2004-2005 school year;

2. Affirm the State Review Officer's finding that the District failed to provide N.C. a free, appropriate, public education during the 2005-2006 school year;

3. Declare that the Kildonan School provided an appropriate education for N.C. during the 2005-2006 school year;

4. Declare that equitable considerations favor an award of tuition reimbursement to the parents;

5. Direct the District to reimburse the parents for tuition and all other expenses paid to the Kildonan School for the 2005-2006 school year;

6. Declare that the District failed to provide N.C. a free, appropriate, public education

during the 2004-2005 school year;

      7. Direct the District to provide additional compensatory individual reading and writing instruction to N.C., provided by a teacher appropriately qualified to implement the Orton-Gillingham approach, in an amount sufficient to remedy the District's denial of FAPE during the 2004-2005 school year.

Dated: April 3, 2007

                                                 s/_____

                                                 Linda A. Geraci, Esq. (LAG 0687)
                                                 Attorney for Plaintiffs
                                                 21 Old Main Street, Suite 203
                                                 Fishkill, NY 12524
                                                 (845) 896-1106