UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
R.C. and M.B., on behalf of their minor child, N.C.,

                  **Plaintiffs,**

                  07 CIV 2806 (MDF)

against

                  ECF Case

BOARD OF EDUCATION OF THE HYDE
PARK CENTRAL SCHOOL DISTRICT,

                  **Defendant.**
-----------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW**

                  **DONOGHUE, THOMAS, AUSLANDER & DROHAN, LLP**
                  **Daniel Petigrow (DP 7422)**
                  **Attorneys for Defendant**
                  **Board of Education of the Hyde Park Central School District**
                  **2517 Route 52**
                  **Hopewell Junction, NY 12533**
                  **Tel.:  (845) 227-3000**
                  **Fax:  (845) 227-6873**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

ARGUMENT

POINT I

THE DISTRICT COURT SHOULD DECLINE TO CONSIDER THE PARENTS'
ADDITIONAL EVIDENCE FROM THE 2006-2007 SCHOOL YEAR IN DETERMINING
WHETHER THE PRIVATE PLACEMENT DURING THE 2005-2006 SCHOOL YEAR WAS
APPROPRIATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

    A.    Supplemental Evidence From a Subsequent School Year is Irrelevant to a
Determination of the Appropriateness of the Kildonan Placement During the 2005-
2006 School Year . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

    B.    The Court Would Transform This Proceeding From One of Review to a De Novo
Trial if the Plaintiffs' Additional Evidence is Considered. . . . . . . . . . . . . . . . . -5-

POINT II

THE SRO WAS NOT BOUND BY N.C.'s GRADES OR STANDARDIZED TEST RESULTS IN
DECIDING WHETHER KILDONAN WAS AN APPROPRIATE PLACEMENT . . . . . . . . -7-

CONCLUSION

THE COMPLAINT SHOULD BE DISMISSED AND THE DISTRICT'S COUNTERCLAIM
SHOULD BE GRANTED IN ALL RESPECTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

## TABLE OF AUTHORITIES

A.S. v. Trumbull Board of Educ.,
    414 F.Supp.2d 152 (D. Conn. 2007) .................................................. -4-

Board of Educ. v. Rowley,
    458 U.S. 176, 206, 208 (1982) .......................................................... -5-

D.F. v. Ramapo Cent. Sch. Dist.,
    430 F.3d 595, 598 (2d. Cir. 2005) ..................................................... -5-

Gagliardo v. Arlington Cent. Sch. Dist.,
    489 F.3d 105 (2d Cir. 2007) .............................................................. -7-

Grim v. Rhinebeck Central School District,
    346 F.3d 377, 381 (2d Cir 2003) ....................................................... -5-

Independent Sch. Dist. v. S.D.,
    88 F.3d 556, 560-61 (8th Cir. 1996) .................................................. -3-

Lillbask ex rel. Manclaire v. Sergi,
    193 F.Supp.2d 503, 507 (D. Conn. 2002) ......................................... -4-

Lillbask ex rel. Manclaire v. State of Conn. Dept. of Educ.,
    397 F.3d 77 (2d Cir. 2005) ................................................................ -4-

M.S. v. Yonkers,
    231 F.3d 96 (2d Cir.2000) ................................................................. -5-

Monticello Sch. Dist. No. 25 v. George L.,
    103 F.3d 895, 901 (7th Cir. 1996) .................................................... -3-

Ojai Unified Sch. Dist. v. Jackson,
    4 F.3d 1467, 1472-73 (9th Cir. 1993) ............................................... -3-

Pinn v. Harrison Cent. Sch. Dist.,
    473 F.Supp.2d 477 (S.D.N.Y. 2007) ................................................. -5-

Roland M. v. Concord Sch. Comm.,
    910 F.2d 983, 997 (1st Cir. 1990) ..................................................... -2-

Sherman v. Mamaroneck Union Free School District,
    340 F.3d 87 (2d Cir. 2003) ................................................................ -5-

Springer v. Fairfax County Sch. Bd.,
    134 F.3d 659, 666-67 (4th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

Susan N. v. Wilson Sch. Dist.,
    70 F.3d 751, 759-60 (3d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

Town of Burlington v. Dept. of Educ.,
    736 F.2d 773, 791 (1st Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

Walczak v. Florida Union Free Sch. Dist.,
    142 F.3d 119 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

Walker County Sch. Dist. v. Bennett,
    203 F.3d 1293, 1298-99 (11th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

OTHER AUTHORITIES:

20 U.S.C. § 1415(i)(2)(C)(ii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

## **PRELIMINARY STATEMENT**

Defendant submits this reply Memorandum of Law in further support of its cross-motion for summary judgment.

## **STATEMENT OF FACTS**

Defendant respectfully refers the Court to the Statement of Facts set forth in its Memorandum of Law, dated August 3, 2007.

## ARGUMENT

### POINT I

**THE DISTRICT COURT SHOULD DECLINE TO CONSIDER THE PARENTS' ADDITIONAL EVIDENCE FROM THE 2006-2007 SCHOOL YEAR IN DETERMINING WHETHER THE PRIVATE PLACEMENT DURING THE 2005-2006 SCHOOL YEAR WAS APPROPRIATE.**

The IDEA authorizes federal district courts, when reviewing the decisions of a state administrative agency, "...to hear additional evidence at the request of a party." 20 U.S.C. § 1415(i)(2)(C)(ii). Because the district court is bound to independently render judgment based on a preponderance of the evidence, including the administrative record and additional evidence at the request of a party, the amount and type of additional evidence that may be considered is within the district court's discretion. Town of Burlington v. Dept. of Educ., 736 F.2d 773, 791 (1st Cir. 1984).

Although the IDEA permits a trial court to exercise discretion in determining when additional evidence may be offered, which had not been introduced during the administrative hearings, at least one federal circuit court has described this discretion as "...a hedge against injustice. Injustice cannot credibly be claimed when ... parties willfully elect to leapfrog the agency proceedings." Roland M. v. Concord Sch. Comm., 910 F.2d 983, 997 (1st Cir. 1990).

The Court should reject the additional evidence presented by the Parents because: (a) that evidence either relates to N.C.'s progress during the 2006-2007 school year;[Affidavit of Merry Buckhout, dated August 6, 2007, paras 3 and 4, Exhibit A] or the appropriateness of a program yet to be developed for the 2007-2008 school year [Buckhout Affidavit, dated August 6, 2007, paras. 5-11, Exhibit B], neither or which are at issue before the Court; and (b) if considered by the Court, it would risk transforming this IDEA review proceeding into a trial de novo.

A. **Supplemental Evidence From a Subsequent School Year is Irrelevant to a Determination of the Appropriateness of the Kildonan Placement During the 2005-2006 School Year**.

The Second Circuit does not appear to have specifically addressed the issue of what additional evidence may be introduced to supplement the record of an IDEA administrative proceedings. Other circuits, however, have spoken on the issue. See, e.g., Burlington v. Dept. of Educ., 736 F.2d, at 790-91; Susan N. v. Wilson Sch. Dist., 70 F.3d 751, 759-60 (3d Cir. 1995); Springer v. Fairfax County Sch. Bd., 134 F.3d 659, 666-67 (4th Cir. 1998); Monticello Sch. Dist. No. 25 v. George L., 103 F.3d 895, 901 (7th Cir. 1996); Independent Sch. Dist. v. S.D., 88 F.3d 556, 560-61 (8th Cir. 1996); Ojai Unified Sch. Dist. v. Jackson, 4 F.3d 1467, 1472-73 (9th Cir. 1993), cert. denied, 513 U.S. 825 (1994); and Walker County Sch. Dist. v. Bennett, 203 F.3d 1293, 1298-99 (11th Cir. 2000). In Burlington, the First Circuit stated that:

> A trial court must make an independent ruling based on the preponderance of the evidence, but the IDEA contemplates that the source of the evidence generally will be the administrative hearing record, with some supplementation at trial. The reasons for the supplementation will vary; they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing. The starting point for determining what additional evidence should be received, however, is the record of the administrative proceeding.

736 F.2d, at 790. The "new" evidence which Plaintiffs request the Court to consider, concerns events occurring in a subsequent school year and is not relevant to the issues that must be resolved here. Therefore, the Court should reject Plaintiffs' request.

Although the Second Circuit has not weighed in on the propriety of evidence from a subsequent year to prove the appropriateness of the placement in an earlier school year, one

recent decision by a federal district court within this circuit has addressed this question. See A.S. v. Trumbull Board of Educ., 414 F.Supp.2d 152 (D. Conn. 2007). In A.S. v. Trumbull, the Court identified three reasons why it would be irrelevant to consider the additional evidence, which the Defendant respectfully submits, are germane to this Court's determination. First, the supplemental evidence concerned the student's progress from a subsequent school year; second, the records did not supply "a thorough and accurate portrait of events" during that subsequent year; and third, to be truly useful, the records would need oral testimony and other written evidence to give them meaning and place them in their proper context. Id., at 172.

Plaintiffs' supplemental evidence addresses N.C.'s purported "progress" at Kildonan after the 2005-2006 school year. The Kildonan 2006-2007 progress reports and the April 30, 2007 speech-language evaluation conceivably might be relevant if the Court was reviewing the appropriateness of placements during the 2006-2007 or 2007-2008 school years. At best, such evidence of recent progress has a ". . . tangential bearing on the relevant question raised . . . namely whether the Board offered . . . a free appropriate public education during [the prior] school year." Id., at 171. See also, Lillbask ex rel. Manclaire v. Sergi, 193 F.Supp.2d 503, 507 (D. Conn. 2002), aff'd in part and rev'd in part on other grounds sub nom. Lillbask ex rel. Manclaire v. State of Conn. Dept. of Educ., 397 F.3d 77 (2d Cir. 2005). Accordingly, the events which Plaintiffs request the Court to consider are not relevant, and the Court should decline to consider such supplemental evidence in determining whether or not Kildonan was an appropriate placement in the 2005-2006 school year.

**B.     The Court Would Transform This Proceeding From One of Review to a De Novo Trial if the Plaintiffs' Additional Evidence is Considered.**

Judicial review of state administrative decisions under the IDEA is strictly limited. Pinn v. Harrison Cent. Sch. Dist., 473 F.Supp.2d 477 (S.D.N.Y. 2007), citing D.F. v. Ramapo Cent. Sch. Dist., 430 F.3d 595, 598 (2d. Cir. 2005).  As the Second Circuit has repeated on numerous occasions, when reviewing IDEA administrative determinations, courts must be ". . . mindful that the judiciary generally lacks the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy."  Walczak v. Florida Union Free Sch. Dist., 142 F.3d 119 (2d Cir. 1998), quoting Board of Educ. v. Rowley, 458 U.S. 176, 206, 208 (1982); see also, Grim v. Rhinebeck Central School District, 346 F.3d 377, 381 (2d Cir. 2003); Sherman v. Mamaroneck Union Free School District, 340 F.3d 87 (2d Cir. 2003); M.S. v. Yonkers, 231 F.3d 96 (2d Cir.2000).

While courts are empowered to receive additional evidence, they must be careful to avoid "[changing] the character of the hearing from one of review to a trial de novo." Burlington v. Dept. of Educ., 736 F.2d, at 791.  The records being offered by Plaintiffs cannot possibly permit the court to determine their relevance without permitting Defendant to cross-examine the Plaintiff about her conclusory allegations of N.C.'s progress [Buckhout Affidavit, ¶¶ 3-4, 7-12], examine the authors of the 2006-2007 progress reports or the speech-language evaluation [Buckhout Affidavit, Exhibits "A" and "B"], or offer any other evidence of what N.C.'s present needs are and if and how Kildonan is adequately addressing them.  Such an inquiry would effectively require the Court to conduct a full administrative hearing which, as one District Court recently noted, ". . . would have the doubly impermissible result of converting these proceedings

into a <u>de novo</u> trial about a school year that is not even at issue." <u>A.S. Trumbull</u>, 414 F.Supp.2d, at 172.  Therefore, the Court should decline to consider Plaintiffs' evidence.

The Plaintiffs also admit that no impartial hearing has even been requested yet, challenging the appropriateness of the District's 2006-2007 IEP [Buckhout Affidavit, ¶2].  For that matter, Plaintiffs have presented no hearing request for the 2007-2008 school year.  The Defendant respectfully submits that for this Court to entertain such evidence, which no impartial hearing officer or state review officer has heard or considered within the context of an administrative hearing, would transform this proceeding from one of review into a <u>de novo</u> trial.  Such latitude undermines the IDEA's goal of expediency, promotes litigiousness and runs contrary to the "due weight" that federal courts must ascribe to the results of administrative decisions.  <u>See</u>, <u>Rowley</u>, 458 U.S., at 206.  Therefore, the Court should decline to entertain such additional evidence.

# POINT II

### THE SRO WAS NOT BOUND BY N.C.'s GRADES OR STANDARDIZED TEST RESULTS IN DECIDING WHETHER KILDONAN WAS AN APPROPRIATE PLACEMENT.

Plaintiffs argue that the SRO's decision is entitled to no deference because he failed to "credits or even discuss" N.C.'s grades, positive teacher comments or performance on standardized assessments while at Kildonan during the 2005-2006 school year. Plaintiffs misconstrue how courts should review the propriety of the private school placement.

In Gagliardo v. Arlington Cent. Sch. Dist., 489 F.3d 105 (2d Cir. 2007), the Second Circuit made clear that evaluating the appropriateness of a parent's unilateral placement does not depend on how the student progresses at the school but, rather, on whether that placement is supplying instruction that is specifically designed to meet a disabled child's needs. Id. at 115. As long as the record contains "objective evidence" that indicates whether or not the child is likely to receive the educational benefits designed to address the child's needs, the Court is bound not to disturb the state's findings. Id., at 113, 115.

The objective evidence in the underlying proceedings supports the SRO's denial of reimbursement. The Record documents in detail that:

- N.C. has mixed receptive-expressive language deficits and an auditory processing disorder [P-6, 18, 29 and 42];
- N.C. had received speech-language therapy for years and was recommended to receive speech-language therapy to address these deficits in 2005-06 [P-19, 24 and 32; D-D, E and F];

-7-

- N.C. has difficulties in word finding, word retrieval and listening for information, which adversely impacted his reading and writing [Tr. 871];

- no direct reading or writing instruction occur in N.C.'s content area classes, instead, N.C. was read aloud to in class by his teachers [Tr. 334, 346-480, 388-90, 404, 420, 427;

- Kildonan reduces or entirely removes reading and writing demands from the content area classes [P-61];

- students know they're not required to read in class [Tr. 346-47];

- Kildonan supplies N.C. with no speech/language therapy [Tr. 371, 388].

In addition, the IHO, whose determination that Kildonan is inappropriate was affirmed by the SRO, made the following findings, all supported in the Record:

- the teacher progress reports paid little, if any attention, to N.C.'s speech-language issues and auditory processing problems [Petigrow Affidavit, Exhibit D, at p.19]

- the teacher progress reports failed to note what strategies were used to address and accommodate N.C.'s auditory processing issues [Id., at p. 28].

- neither the language training progress reports nor the content area progress reports mention how N.C. was working on reading and understanding content in the subject area materials, which was an undisputed need of N.C. [Id., at 20]; and

- presenting material by reading aloud to students is not appropriate for N.C. since he has auditory processing deficits [Id., at 19].

Finally, a closer examination of the progress reports and standardized test results reveal that N.C.'s performance at Kildonan was mixed. For example, N.C. was receiving C's and D's

on tests and quizzes in Global Studies throughout the year [P-57, 72]; had difficulty understanding the materials; and, according to several of his teachers, rarely participated in class discussions [P-57]. The standardized assessments administered at Kildonan showed that N.C. continued to display significant weaknesses in reading fluency and decoding, and according to results of the Gray Oral Reading Test, showed minimal progress between October of 2005 and May of 2006 [P-63].

    As there's objective evidence in the Record supporting both the IHO and SRO findings, their determination that Kildonan was inappropriate is entitled to substantial deference.

**CONCLUSION**

**THE COMPLAINT SHOULD BE DISMISSED AND THE DISTRICT'S COUNTERCLAIM SHOULD BE GRANTED IN ALL RESPECTS.**

Dated:   Hopewell Junction, New York
             August 17, 2007

>               Yours, etc.,
>               DONOGHUE, THOMAS, AUSLANDER & DROHAN, LLP

   By:       */s/ Daniel Petigrow*
               Daniel Petigrow (DP 7422)
               Attorneys for Defendant
               Board of Education of the Hyde Park Central School District
               2517 Route 52
               Hopewell Junction, NY 12533
               Tel.:   (845) 227-3000
               Fax:    (845) 227-6873