USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

R.C. and M.B., on behalf of their minor child, N.C.,

                Plaintiffs,

   -v-

BOARD OF EDUCATION OF THE HYDE PARK
CENTRAL SCHOOL DISTRICT,

                Defendant.

No. 07-CV-2806 (KMK)

ORDER ADOPTING
REPORT & RECOMMENDATION

---

KENNETH M. KARAS, District Judge:

On April 6, 2007, Plaintiffs R.C. and M.B., on behalf of their minor child, N.C. (collectively, "Plaintiffs"), filed this action against the Board of Education of the Hyde Park Central School District ("Defendant") pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. ("IDEA"). Plaintiffs wish to overturn the decision of a State Review Officer ("SRO") denying tuition reimbursement and compensatory educational services for N.C. On the same day that Plaintiffs' Complaint was filed, this case was referred to Magistrate Judge Fox for a report and recommendation. (Dkt. No. 2.)[1]

On June 29, 2007, Plaintiff moved for summary judgment, seeking reversal of the SRO's decision. Defendant then cross-moved for summary judgment on August 3, 2007, seeking dismissal of Plaintiffs' Complaint, but also a reversal of the specific finding in the SRO's decision that the Individualized Education Program ("IEP") designed by Defendant for N.C.

---

[1] This case was initially managed pursuant to the Standing Order of Chief Judge Kimba M. Wood dated December 18, 2006. On August 6, 2007, it was reassigned to this Court. (Dkt. No. 21.)

during the 2005-06 school year did not meet N.C.'s needs. On March 6, 2008, Magistrate Judge Mark D. Fox issued a thorough Report and Recommendation ("R&R") which recommended that this Court uphold the decision of the SRO by denying Plaintiffs' Motion for Summary Judgment, granting Defendant's Cross-Motion to Dismiss the Complaint, and denying Defendant's Cross-Motion to the extent is seeks reversal of the SRO's determination that the 2005-06 IEP designed for N.C. was inappropriate.

A district court reviewing a report and recommendation "'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" *Donahue v. Global Home Loans & Fin., Inc.*, No. 05-CV-836, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007) (quoting 28 U.S.C. § 636(b)(1)(C)). Under 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, parties may submit objections to a magistrate judge's report and recommendation. The objections must be "specific" and "written," and must be made "[w]ithin 10 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

Where a party does not submit an objection, "'a district court need only satisfy itself that there is no clear error on the face of the record.'" *Donahue*, 2007 WL 831816, at *1 (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). In addition, failure to object waives a party's right to appeal the adoption of a report and recommendation by the district court. *See Fed. Deposit Ins. Corp. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995) ("Our rule is that 'failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.'" (quoting *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989))).

2

Here, neither Plaintiff nor Defendant has filed objections to the R&R. Accordingly, the Court reviews the R&R for clear error only. In so doing, the Court finds no such error, and therefore adopts Magistrate Judge Fox's R&R in its entirety.

Magistrate Judge Fox correctly concluded that the portion of the SRO's decision contested by Defendant – that the 2005-06 IEP failed to articulate specific goals to address N.C's particular educational deficiencies – was supported by the evidence in the record. (R&R 16-18.) In particular, Magistrate Judge Fox found persuasive the determination of the SRO that the IEP developed for N.C. during the 2005-06 school year failed to address N.C.'s reading decoding, reading fluency, and spelling deficits, despite demonstrable declines in his academic progress. (*Id.* 17); *see also Application for a Child with a Disability*, Appeal No. 06-127, at 9 (Dec. 22, 2006) ("SRO Dec."). As noted by the Second Circuit, "the sufficiency of goals and strategies in an IEP is precisely the type of issue upon which the IDEA requires deference to the expertise of the administrative officers." *Grim v. Rhinebeck Cent. Sch. Dist.*, 346 F.3d 377, 382 (2d Cir. 2003). In light of the evidence presented to Magistrate Judge Fox, and the deference owed to the SRO's decision, Magistrate Judge Fox's determination that the 2005-06 IEP failed to articulate sufficiently specific goals for N.C. is not clear error.

Although Magistrate Judge Fox determined that the District's IEP for the 2005-06 school year to be inadequate in the face of N.C.'s needs, Magistrate Judge Fox also found that Plaintiff had failed to demonstrate that the Kildonan program – the alternate program selected by Plaintiffs – was individually designed to provide required educational benefits to N.C. (R&R 18.) Although Magistrate Judge Fox noted that N.C. did experience some improvement at Kildonan, he found that the advantages offered by Kildonan were general rather than specific,

3

and not particularly tailored to N.C.'s demonstrated areas of need. *See Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105, 115 (2d Cir. 2007) ("Even where there is evidence of success, courts should not disturb a state's denial of IDEA reimbursement where, as here, the chief benefits of the chosen school are the kind of educational and environmental advantages and amenities that might be preferred by parents of any child, disabled or not."); *see also Frank G. v. Bd. of Educ. of Hyde Park*, 459 F.3d 356, 365 (2d Cir. 2006) (noting that unilateral placement is appropriate only if it provides "educational instruction specially designed to meet the unique needs of a handicapped child" (quoting *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester County v. Rowley*, 458 U.S. 176, 188-89 (1982))). This finding – echoing the determination of the SRO – is amply supported in the record, and thus is not clear error.[2] Accordingly, the Court will not disturb the decision of the SRO to deny Plaintiffs' claim for tuition reimbursement.

Finally, the Court finds no plain error in Magistrate Judge Fox's acceptance of the SRO's decision denying Plaintiff compensatory educational services relating to perceived inadequacies in the 2004-05 IEP. Although the SRO found the 2005-06 IEP lacking in specific goals, the SRO did not find similar inadequacies in the 2004-05 IEP. Rather, the SRO noted that the 2004-05 IEP created "individualized annual goals and short-term instructional objectives related to [N.C.'s] particular needs in reading comprehension, written expression, mathematics problem-solving, skills, and receptive and expressive language skills." SRO Dec. at 12. Magistrate Judge Fox found – and this Court agrees – that this conclusion is supported by the evidence in the

---

[2] This conclusion is not altered even if the relevant IEP was inadequate. *See Gagliardo*, 489 F.3d at 112 (noting that parents "who seek reimbursement bear the burden of demonstrating that their private placement was appropriate, even if the IEP was inappropriate.").

record. (R&R 25-27.) The Court sees no clear error in this conclusion. Accordingly, the Court adopts Magistrate Judge Fox's recommendation that Plaintiffs' claim for compensatory educational services be denied.

For these and the other reasons set forth in Magistrate Judge Fox's R&R, it is hereby ORDERED that the R&R dated March 6, 2008, is ADOPTED in its entirety. The Clerk of Court is respectfully directed to terminate all pending motions (Dkt. Nos. 8, 13), enter judgment in favor of Defendants, and close this case.

SO ORDERED.

Dated:     June 27, 2008
           White Plains, New York

                                            _____
                                            KENNETH M. KARAS
                                            UNITED STATES DISTRICT JUDGE

Service List by ECF:

Linda A. Geraci, Esq.
The Law Office of Linda A. Gercai
21 Old Main Street, Suite 203
Fishkill, NY 12524
Email: GeraciEsq@aol.com
*Counsel for Plaintiffs*

Daniel Petigrow, Esq.
Donoghue, Thomas, Auslander & Drohan
Box 2517, Route 52
Hopewell Junction, NY 12533
Email: dpetigrow@dtad.net
*Counsel for Defendant*

Copy to:
The Honorable Mark D. Fox
United States Magistrate Judge